The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Glenn. The appealing parties have not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Opinion and Award, except with the modification of Finding of Fact 11, Conclusions of Law 3 and the addition of Conclusions of Law 5, Award 3, 4, 5 and the addition of Award 6.
The Full Commission finds as fact and concludes as matters of law the following; which were entered into by the parties at the hearing as:
STIPULATIONS
The parties submitted a Pre-Trial Agreement at the hearing. The said document with its stipulations is incorporated herein by reference.
* * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner and finds as follows:
FINDINGS OF FACT
1. Plaintiff was thirty-two years old at the time of this hearing. He had completed the ninth grade and had done some work towards obtaining his GED.
2. Prior to starting to work for defendant, plaintiff had worked for the last ten years as a long haul truck driver.
3. Defendant employed plaintiff as a tractor/trailer driver to deliver its products.
4. On October 20, 1994, plaintiff came to work to pick up a trailer. When plaintiff attempted to raise the landing gear it would not move because it was stuck. The landing gear released suddenly as plaintiff applied more pressure, and when it released it threw plaintiff to the ground and twisted his left arm. Plaintiff heard a pop in his left shoulder and felt immediate intense pain in his left arm, shoulder and back.
5. Plaintiff was taken to the hospital and his condition was diagnosed as sprain and/or strain to his left shoulder. Plaintiff failed to respond to the treatment and he was sent to see Dr. Mark E. Brenner.
6. Dr. Brenner continued to treat plaintiff with conservative means and when he failed to respond Dr. Brenner performed additional tests. Dr. Brenner discovered a growth in plaintiff's left shoulder.
7. Dr. Brenner referred plaintiff to Dr. John M. Harrleson for further treatment in that Dr. Brenner did not treat the kind of condition that plaintiff had.
8. Dr. Harrelson diagnosed plaintiff's condition as pigmented villonodular synovitis, and he performed surgery to correct the condition. Dr. Harrelson indicated that plaintiff would more than likely have a recurrence of the pigmented villonodular synovitis and that the recurrence would not have anything to do with the injury but would be due to the nature of the growth.
9. Dr. Harrelson indicated that the injury that plaintiff sustained on October 20, 1994, caused an aggravation of plaintiff's pre-existing condition. He further indicated that without the injury plaintiff would have been able to continue working well into 1995 or longer before he would have had to have the condition treated.
10. Dr. Harrelson further indicated that any future treatment that plaintiff may need after his recovery from the initial surgery would be due solely to the pigmented villonodular synovitis.
11. It is Dr. Harrleson's opinion that plaintiff has a 40% permanent partial disability to his left shoulder due to the accidental injury of October 20, 1994.
12. Dr. Harrelson released plaintiff to return to work on July 25, 1995.
13. Plaintiff was out of work due to his injury from October 26, 1994 through July 25, 1995.
14. Plaintiff's average weekly wage at the time of his accidental injury was $595.50.
15. Plaintiff, while out of work, did receive some unemployment benefits.
* * * * * * * * * * *
Based upon the findings of fact and conclusions of law, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. Plaintiff sustained an injury by accident on October 20, 1994, while in the course and scope of his employment with defendant and said accidental injury aggravated his pre-existing condition of pigmented villonodular synovitis. N.C.G.S. § 97-2(6).
2. As a result of his injury by accident on October 20, 1994, plaintiff was temporarily totally disabled from October 26, 1994 through July 25, 1995, for which he is entitled to compensation at the rate of $397.02 per week. N.C.G.S. § 97-29.
3. As a result of his injury by accident on October 20, 1994, plaintiff retains a 40 percent permanent partial disability to his left shoulder for which he is entitled to compensation in the amount of $397.02 per week for 96 weeks. N.C.G.S. § 97-31(13).
4. Defendant is obligated to pay all medical expenses incurred or which will be incurred as a result of plaintiff's compensable injury that may effect a cure or give relief or tend to lessen plaintiff's disability. N.C.G.S. § 97-25.
5. Defendant is entitled to a credit for all unemployment benefits received by plaintiff during plaintiff's period of temporary total disability. Further defendant is entitled to a credit for temporary total disability paid from October 20, 1994 to December 29, 1994. N.C.G.S. § 97-42.1.
* * * * * * * * * * *
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
AWARD
1. Subject to attorney's fees hereinafter awarded, defendant shall pay to plaintiff temporary total disability benefits at the rate of $397.02 per week for the period from October 26, 1994 through July 25, 1995. All accrued compensation shall be paid in one lump sum.
2. Defendant shall pay for all medical expenses incurred or to be incurred by plaintiff as a result of his compensable injury when bills for same have been submitted to and approved by the Industrial Commission, for so long as such evaluations, treatments and examinations may reasonably be required to effect a cure, give relief and/or lessen plaintiff's period of disability.
3. An attorney's fee of twenty-five percent (25%) of the compensation due plaintiff herein is hereby awarded to plaintiff's counsel. The amount which has accrued shall be paid in a lump sum.
4. Defendant shall pay plaintiff permanent partial disability compensation at the rate of $397.02 per week for 96 weeks, subject to the attorney's fees herein approved.
5. Defendant is entitled to receive a credit for all unemployment benefits received by plaintiff during his period of temporary total disability. Further, defendant is entitled to a credit for temporary total disability payments made from October 20, 1994 to December 29, 1994.
6. Defendant shall pay the costs of this action.
 S/ __________________ COY M. VANCE COMMISSIONER
CONCURRING:
S/ __________________ LAURA K. MAVRETIC COMMISSIONER
S/ __________________ BERNADINE S. BALLANCE COMMISSIONER
CMV/cnp/rst